## PORTER SAFETY SEAL CO. v. E. J. BROOKS & CO.

(Circuit Court of Appeals, Second Circuit. May 9, 1916.)

### No. 256.

PATENTS ☞328—INVENTION—SEAL.

The Porter patent, No. 719,865, for a seal for money bags, mail bags, and the like, in view of the prior art, is void for lack of patentable novelty.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the Porter Safety Seal Company against E. J. Brooks & Co. for infringement of letters patent No. 719,865, for a seal, granted to Thomas I. Porter February 3, 1903. Decree for defendant, and complainant appeals. Affirmed.

The following is the opinion of Mayer, District Judge, in the court below:

The patent relates to seals for mail bags and for money bags. The device is very simple, and has been used mainly by the United States government for sealing bags containing mail, and is also serviceable for sealing money bags used by banking institutions for putting up bags of gold and packages of currency. The main commercial use, however, has been by the United States government.

The patentee states: "My primary object is to provide a seal of this character which is inexpensive in construction, easy of application, and thoroughly effective in use." He gives examples in his drawings and his claims cover: (1) A seal; and (2) a seal with a pin inserted for the purpose of additional protection, especially in the case of money bags. The invention is sufficiently described in the claims here in controversy which are as follows:

"2. A seal of the character described, comprising a sealing block provided with two outer substantially parallel retaining perforations and two inner guide perforations substantially parallel with said first-named perforations, and a two-member tie loop formed by threading the ends of a flexible cord through said outer perforations in a common direction and then returning said cords through said guide perforations.

"3. A seal of the character described, comprising a soft-metal sealing block, a loop of reducible size connected therewith, and a sharp bag-piercing point carried by one of said members.

"4. A seal of the character described, comprising a soft-metal sealing block equipped with a projecting sharp bag-piercing point, and a loop of reducible size connected with said block and operating to oppose said point."

The defendant company is a large manufacturer of seals, and, indeed, claims to be the largest manufacturer in the world. Mr. Wenk, an officer of defendant company, who has been connected with that company for many years, produced a number of catalogues which show examples of prior art, and, in addition, produced some seals sent to him from Italy many years ago, and long before the date of the patent in suit. These seals are useful as illustrating the construction of an Italian patent. There were received in evidence two Italian patents as part of the prior art. It is quite unimportant whether it be held that the Italian patent was an anticipation. It is enough that, on all of the prior art, it seems to me that the seal in question did not exhibit inventive novelty.

In a case of this simplicity it is difficult to describe what induces the mind to conclude that a patent does or does not present that novelty which can be characterized as invention. Of course, as I said upon the argument, the mere simplicity of the device is not its condemnation, because very often a simple

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

device shows a high degree of invention. But in the case at bar I am of opinion that the patent in suit represents no more than could be accomplished by one skilled in the art. With the Italian patent and the Italian device before a worker in the art (not to speak of the many other examples of seals), it would not require inventive ability to change three holes into four and to substitute a flat for a round seal.

The sole accomplishment seems to be that "the feature of having the two members of the loop symmetrically arranged overcomes all tendency for the block to turn during the operation of drawing down or reducing the size of the loop while sealing the bag." While the arrangement in the patent in suit doubtless produced an efficient seal, the result was simply to put forth another form of seal as a competitive article rather than to monopolize the field by this trifling improvement.

In the brief observations above outlined, I have really been discussing only claim 2, because the mere addition of a pin, or "sharp bag-piercing point," which claims 3 and 4 seek to cover, obviously does not constitute invention. If the case were close (which I think it is not), commercial utility would, of course, be of service in resolving the doubt.

While plaintiff has sold a very large number of seals, that fact in this case is not a safe guide, because the great bulk of the sales has been to the United States government. So many elements enter into a government contract that the mere use by the government is not per se convincing as to commercial utility. In competitive cases, where the contract is awarded to the lowest bidder, sometimes an article (though useful) inferior to another gains the government contract. In cases where competitive bidding is not had, the successful party is often elected for reasons in addition to the merit of the article, such as the reliability of the business concern, etc. The evidence of commercial utility which is most helpful is that which shows a more or less wide-spread and general adoption of the article by the trade.

As this article seems desirable mainly for the government bags, and as the government has not continuously adopted the article, there is not much aid to be found in looking to so-called commercial utility in this case in resolving the doubt if it did exist.

In the circumstances, I am of opinion that the patent is void for want of patentable novelty, and the bill must be dismissed, with costs.

T. E. Brown and Clarence E. Mehlhope, both of Chicago, Ill., and Ralph L. Scott, of New York City, for appellant.

F. H. Bowersock, of New York City, for appellee.

Before COXE and WARD, Circuit Judges, and VEEDER, District Judge.

PER CURIAM. Decree affirmed.

---

DE LASKI & THROPP CIRCULAR WOVEN TIRE CO. et al. v. UNITED STATES TIRE CO.

(Circuit Court of Appeals, Second Circuit. May 24, 1916.)

No. 273.

1. PATENTS ☞328—ANTICIPATION—APPARATUS FOR MAKING WHEEL TIRES.
    The Thropp patent, No. 822,561, for an apparatus for manufacturing wheel tires, held void for anticipation by prior use.

2. APPEAL AND ERROR ☞990—REVIEW—QUESTIONS OF FACT.
    While an appeal in equity brings up all the facts for review, there must come a time when the suitors' right to new investigations of com-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes